120-235-WC Highland Baking Company and Regent Insurance Company Appellant v. Illinois Workers' Compensation Commission Delfino Godinez-Apolli. Mr. Baggett, would you please proceed? Good morning, your honors, counsel. My name is Mike Baggett. I represent the appellant in this matter. This is a situation where a case had been heard before the commission at the commission level. It was found in favor of the petitioner, Mr. Godinez. We then reviewed that decision at the commission level, and again, that case was affirmed. We then filed with the circuit court a summons to appeal the commission decision. Within 19F, we filed that summons within 20 days as required under 19F on June 3rd, 2019. Unbeknownst to us, there was a technical error regarding how we coded the file. It had been rejected three days later. We filed the same documents with the circuit court with the correct code on the filings. Can you explain what this is? When you file it, you have to put in some type of code. Is it a special remedy? Is it a complaint? Is it something along those lines? Apparently, when we filed it, we didn't have, I think we put special remedy in as the code instead of whatever the circuit court would have required. It was out of your office that this code was miscoded? Correct. Do we call it a technical error or do we call it a scrivener's error in the old style? It could be a scrivener's error too, Your Honor. The problem is there was nobody to contact, to communicate with, with the circuit court to determine any issues. It took us many days to figure out or a few days to figure out what the problems were. Mr. Baggett, let me ask you a question. As we know, Supreme Court rule is directed toward this specific problem. It provides that if a document is the filing party may seek appropriate relief from the court upon good cause, correct? So you attempted to come under that rule. Is that right? Okay. Did you ever actually file a written motion to Baggett? I'm not sure if we did or not, Your Honor, but the court heard it when we, when we argued it with the, with the circuit court. So it was filed with the circuit court, with the judge, I mean, but you can't recall actually filing a written motion. I don't have, I don't know, Your Honor. I mean, the record is confusing because we'll get into it. For some reason, your opponent filed a response to the motion and the court went along treating it as though it was filed. But I was just curious as to whether it was ever actually filed. Your Honor, I believe it was filed with the, with the circuit judge. Um, I don't, I don't know as we sit here right now, if it was filed with the, uh, the court directly, the clerk, correct. And, um, you know, going back to what we talked about here, this is a error of form, not substance, Your Honor. It obviously would be prejudicial for this court to find that, uh, the appellant can't proceed in the circuit court to determine whether or not the commission decision was appropriate or not. Well, that's not really, that's not really the issue. The issue is whether you filed the requisite documents to vest the circuit court with jurisdiction. The circuit court never ruled on that. The circuit court said you didn't file a motion. Therefore I don't have any jurisdiction and dismissed it on jurisdictional grounds. If we were to send it back, it still has to be determined whether you filed the appropriate documents. Correct. And that's what, and that's for the circuit court to decide. We haven't gotten to that point. Your Honor, the documents that were filed initially on June 3rd, 2000, 2019 were, but for the fact that it was coded incorrectly, this case would be proceeded before the circuit court and we would have a decision in that regard. So this is a matter, this should, this should go back to the circuit court to decide whether or not, um, as your Honor indicated, they have jurisdiction and we should proceed with the decision on whether or not the commission decision was appropriate. Can I ask you another question? Absolutely. Why is the insurance company listed as a plaintiff in this case? That's how it was listed by Mr. Zappala when he filed the, uh, the application for adjustment claim. The insurance companies aren't parties to the workers' comp cases. Correct. They're not parties to circuit court cases. Correct. So when somebody filed a complaint in the circuit court of Cook County, evidently somebody put the insurance company in as a plaintiff. We named it as it was named in the commission level, your Honor. But you're right. The, the case is against Highland Highland baking. I'd be, I'd be happy to file a motion to dismiss. Don't worry about it. Okay. So your Honor, I don't want you. I mean, the, I mean, there's, it is where we are, where we are. So the question is whether or not it was, uh, a error of form or an error of substance and whether or not this case should go back to the jurisdiction and to the decision on, um, at the commission, whether or not it was appropriate. Our position is that, but for a technical error or a scrivener's error, as, uh, your, as, uh, your Honor has mentioned, this case would be pending and probably done before the circuit court. Uh, the appellant requests that, uh, this matter, this matter be remanded back to the court. Thank you. Counsel, counsel, I have a question. So what I'm gaining from your argument, you seem to be arguing that the judge may have been tendered a copy of this motion, but it's unclear. We have no record of it being filed with the circuit clerk, the judge, um, reference somehow in some docket to some other way, continuing the matter on the, uh, motion to backdate. Is that all correct? Right. The judge was tendered a copy of the motion because we, we argued it in front of the judge, but there were multiple judges on this case that had been switched during the process. Uh, one of the judge initially granted our motion to backdate it. And then that, that was switched around and the decision was changed. So, yeah, so I guess, so I guess what I'm looking for is your best case that the court was acknowledging the motion, dealing with the motion, whether or not you can prove up whether or not the motion was filed with the circuit clerk. Correct. The circuit court had it, the judge, the circuit court, the judge had it, your honor. They, we argued it before her. Um, and she was ruling on the decision. She actually initially ruled in our favor to have the case sent back. Uh, and that's it back, but, uh, they corrected. So the circuit court had it, Mr. Baggett, where is it? I, I don't have it in front of me, your honor, but they had the circuit court definitely had it because she argued, we argued the case before her. So was it an oral motion or a written motion? Well, it was a written motion that was submitted to, at least to the circuit court judge. And of course we argued. This is in Cook County, right? Correct. And so what happens if you lay a written motion on the bench in front of the judge, what's supposed to happen to that? Well, it's the judge discretion, whether or not they wish to hear it or not, your honor. I file things in circuit court in front of a judge all the time. And in this case, she decided to hear it and she, we made arguments. Yeah. Where do you file those motions when you say you filed before the circuit court? You file it with the, with the clerk that's in the, uh, in that courtroom, your honor. Okay. So you're claiming that you filed it with the clerk in the courtroom. Correct. And so you don't know whatever happens to that record, the written motion after that. Right. But it's evident by the fact that we argued the motion that the court, that the court had it. Yeah. I mean, that's an inference. Yeah. So, so your honor, I mean, again, we filed the appropriate documentation. Um, the, uh, uh, the scrivener's error prevented it from being accepted on, on the date it was rejected. As soon as we were aware of the rejection, we filed the exact same documents again, but we checked the right, uh, code for the correct code and acquired code that was necessary to proceed. So as we indicated, we believe this circuit court for decision on the merits. Okay. Thank you, Mr. Baggett. You will have time and, uh, reply. Thank you. Mr. Zappa, you may respond. Good morning, your honors council. I think the issue is fairly straightforward here. 19 F is the statute that governs the judicial review file here in the circuit court. It's a 20 day period in which to file that. And the courts have said very clearly, it must be strict compliance with that statute in this case. We understand that. Let's get to the issue. Why wasn't he entitled to a hearing on the backdate motion? Because it was never, because it was never filed your honor. And page one, hang on a second. So you file a response to a motion to file the response to it. Two judges actually five times in this record said the matter on that motion was being continued. You knew there was a motion. So does the circuit judge? No, your honor, there was an order entered regarding council's request to file a backdated motion. He never filed that backdated motion. When we appeared before the judge on December 16th, the judge asked council we're doing this briefing schedule replies, sir, replies all in response to this motion to backdate the complaint. Yet I don't have a copy of the court says, hang on a second. Let me ask you a question. According to the record, is this on September 25th, 2019, you filed a written response to Highland's motion to backdate the filing of the action. Did you, or did you not do that? Yes. Not having ever obtained a copy of the motion. So you filed the response to a non-existent motion that you're telling us. Correct. The court was under the assumption that plaintiff had filed the motion to backdate the complaint. I reached out to council for the affidavit and a copy of the motion never received a copy of that motion or the affidavit didn't support their own. The judge asked council in court, in open court on the 16th of December, did you file that motion? Mr. Baggett, I apologize. I'm not sure if Mr. Baggett was there that day or council for his office, but they responded in open court. They had not filed the motion to backdate the complaint with the clerk's office. Council, there is no transcript in this record of what went on on December 16th. It isn't in the record. There is no transcript. There's an order. How many times did the court continue their motion to backdate after you had filed your response and they had filed a certify? I filed a certified response. So at least two responses for my office. And each time there's an order saying that their motion is being continued to such and such a date. Now if the motion is being continued, it would seem to follow that the court has a motion. I disagree. I was never able to obtain a copy from the court file. The motion is not part of the record on appeal. There simply was no motion ever filed. So if there was no motion filed and he wanted a hearing on the backdate, why didn't the circuit judge just say to him, file that motion now, hand it to the court and rule on it on the merits. I mean, this is a game of gotcha. Well, they've either filed their review timely or not, your honor. And the 20 days expired before they filed their timely review on June 7th of 2019. We don't know that the circuit courts never ruled on that. We've got to find somebody has to make a determination as to whether the documents that they filed the first time complied with the statute to vest the circuit court with jurisdiction. Now that's either a yes or a no. And somebody has to decide that. And I believe the circuit court, and I believe your honor, the circuit court did address that issue and decided they did not have subject matter jurisdiction. They said they didn't have subject. She said she didn't have subject matter jurisdiction because no motion was filed with her. That's what she said. She struck the motion finding no motion had ever been filed. And then because there was no motion filed found that she lacked subject matter jurisdiction. I believe your honor that's incorrect. She ordered and ruled subject matter jurisdiction is lacking due to plaintiff's failure to comply with the statutory requirement. No, she ruled that she lacked subject matter jurisdiction because there was no motion on file brought to backdate. That's what she ruled on. I believe you're looking at it. I believe she ruled on the lack of subject matter jurisdiction because the judicial review was not timely filed. June 3rd would have been that deadline. It was not filed. Would you like me to read you the text of the order from January 6th? What you're saying simply is not true. She enters a written order finding that in the absence of a motion to backdate the filing of Highland's judicial action the circuit court lacked jurisdiction and therefore dismissed the action for judicial review. That's what she did. It's the order of January the 14th or pardon January the 6th, 2020. She had originally ruled and continued it for the entry of an order on January the 14th. And for some reason the trial judge jumped the gun and entered the order of January the 6th. That's correct. But I think the ruling by the circuit court infers that the motion to backdate the complaint that was presented to the court without any motion to back that untimely review the court simply did not have jurisdiction to entertain the 19-f review. I'd love to know what the judges were continuing about five times between June the 3rd and the hearing that was originally held sometime in December. Counsel, are you aware of the Supreme Court rule that allows a party that if the originally electronically filed documents are rejected the party, that's not the end of the ballgame. The party can still seek appropriate relief with the court. You're aware of that rule? Yes, your honor. And that requires good cause. Does it not? Well, let me ask you this. Did you ever make any arguments in this case that the documents Highland electronically transmitted on June 3rd failed to satisfy the required documents in order to commence the judicial review? Are you saying that what they did file was not appropriate? Correct. It wasn't timely filed. It was rejected by the court. So according to the net ends, that's the end of the ballgame. It's rejected by the court, the clerk, you mean not by the court? By the clerk of the court. Yes. So then what would be the point of the Supreme Court rule that allows them to seek a remedy when it's been rejected? Only if there's good cause shown, your honor. And there has just been no, no effort for good cause shown in this case, no affidavit in support of what went wrong with that judicial filing. There's absolutely no affidavit. You know what went wrong with the filing? The court rejected it for coding. The court rejected for coding. There's no mystery as to why it was rejected. We don't, we don't have any proof of that. We what? We don't have any proof of that being the reason for it's being rejected. You must be reading the different record than I'm reading. Quote, filing code does not match the filing. Close quote. Issued by the clerk of the circuit court on June the 6th, 2019. Are we in the same taste? I don't have that in front of me, your honor. I assume that's correct. The reason for the rejection, the explanation was never presented by counsel with the offer of good cause being shown that simply put, there was no affidavit or motion presented to the circuit court. So, so what was going through the minds of these other judges when they kept continuing this motion, which you're saying has not been filed or can't be found written motion. I can only, I can only guess. I assume they were hoping they would be presented with the motion to backdate the complaint that counsel sought leave to file. So did you object to the continuances? Did you step up and say, Hey, there's no, there's no affidavit. I found there's no motion on file. Why are we continuing the case? You just sat there silently and let it be continued. No, it was brought up that I wasn't provided with a copy of the motion that counsel sought leave to file. The order was entered for the parties to provide the court with electronic copies of those motions that was not provided to the court or to counsel. The judge ordered electronic filings before the December 16th, 2019 ruling. Counsel did not file electronically the motion to backdate the complaint that was requested by the court. I'm certainly willing to answer any other questions the court might have, but I think in this case under section 19 F of the act strict compliance is required. And regardless of the technical reason for the rejection court did not have jurisdiction to entertain the judicial review. I asked that the decision of the court be affirmed on appeal. Just curious, what was your response? Um, you filed responses to the motion or the non-existent motion. What did your response address? If there was no motion on file, two things, one that the court did not have jurisdiction because the judicial review wasn't timely file. Then two, there was no good cause shown by way of affidavit or support as to why the judicial review was not timely file. Counsel, do you have any case law that supports that letter proposition? Has this been, is there a case law authority supporting what you say about an affidavit being on file for good cause? Um, not that I don't know any particular case, but any support of that proposition would have to be supported by some evidence. And in this case, whether it's affidavit motion, there was no evidence presented for good cause. Is there any circumstance where a person attempts to file for judicial review after 20 days that the court could ever have jurisdiction? The answer that's no. So why would you file an affidavit in support of late filing or something good cause? Well, because the Supreme Court does allow for good cause. Good cause for what? For the late filing. There is no good cause for late filing. It's strict compliance. Either do it or there's no jurisdiction. Statute of strict compliance, but the Supreme Court does allow for good cause shown relief. Does it not? No, not, not for late filing. There's no good cause shown period. It's either filed on time or you didn't file on time. Well, there, there may be, if there was some defective filing, you can show good cause and no prejudice, but not for a total failure to file. Well, as I said to, to your honor, the response was one, it was not timely filed. Obviously no subject matter jurisdiction. The second argument was for good cause, a lack thereof. Okay. Thank you, Mr. Zaflow. Thank you, your honors. Mr. Baggett, would you like to respond? No, your honor. I think we've discussed this case sufficiently. I think the points of the matter have been brought out sufficiently by your honor, your honors. It was filed timely. It was a technical error that prevented it from being filed correctly. This matter should be remanded back to the circuit court to decide the merits of the case and whether or not they're subject matter jurisdiction. Thank you, your honors. Okay. Any further questions by the court? I have none. Thank you. Okay. Thank you counsel for your arguments in this matter. This morning, there'll be taken under advisement and a written clerk will escort you out of the court, the virtual court, to the remote court, and we'll proceed to the next case.